IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT LEE DALTON,

      Plaintiff,                       No. CIV S-07-1163 MCE EFB P

    vs.

SACRAMENTO COUNTY SHERIFF,

      Defendant.                  ORDER

_____/

      Plaintiff is a prisoner without counsel seeking relief for civil rights violations. *See* 42 U.S.C. § 1983. Plaintiff initiated this action by submitting an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a letter stating that he intends to file a civil rights action but has been unable to obtain a copy of the court's form for doing so. Good cause appearing, the court will dismiss plaintiff's habeas petition and grant him leave to file a civil complaint asserting his claims under section 1983.

      Plaintiff has submitted a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff has not, however, included a certified copy of his prison trust account statement for the six month period immediately preceding the filing of his complaint. Plaintiff will be provided an opportunity to do so.

/////

1

Plaintiff is advised that his complaint must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must specifically identify as defendants only individuals who personally participated in a substantial way in depriving plaintiff, not other individuals, of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

The allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against defendants. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

Plaintiff's complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Plaintiff's petition is dismissed, and therefore will not be incorporated by reference in a superseding pleading.

/////

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his action.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's habeas petition is dismissed as having been incorrectly filed;
2. Plaintiff is granted a period of 30 days from the date this order is served within which to file a complaint and a certified copy of his trust account statement for the six-month period immediately preceding the filing of the complaint;
3. The Clerk of the Court is directed to send plaintiff a copy of the court's form for filing a civil rights action pursuant to 42 U.S.C. § 1983.
4. Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

DATED: July 9, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE